UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
                                                      :
LESTER PEARSON,                                       :
                                                      :
                                Plaintiff,            :
                                                      :                    20-cv-9482 (VSB)
                -against-                             :
                                                      :                    **ORDER**
COMMISSIONER CYNTHIA BRANN, et                        :
al.,                                                  :
                                Defendants.           :
                                                      :
------------------------------------------------------X

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____          │
│ DATE FILED: ___1/8/2021___           │
└─────────────────────────────────────┘
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

Plaintiff, currently detained at the Vernon C. Bain Center ("VCBC"), brings this *pro se*

action under 42 U.S.C. § 1983, alleging that Defendants are violating his federal constitutional

rights by not protecting him from contracting COVID-19.  He originally filed this complaint with

49 other VCBC detainees.  The original complaint was assigned to Judge George B. Daniels and

opened under docket number 20-CV-8407; Judge Daniels referred the matter to Magistrate Judge

Aaron, who severed the plaintiffs' claims and directed that each plaintiff's claims be opened as a

separate action.  *See Lee v. Brann*, ECF 1:20-CV-8407, 7 (GBD) (SDA) (S.D.N.Y.).  This action

is one of the newly opened actions.

By order dated December 4, 2020, the Court granted Plaintiff's request to proceed

without prepayment of fees, that is, *in forma pauperis* ("IFP").  For the reasons set forth below,

the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this

order.

**BACKGROUND**

In *Lee*, the plaintiff initially sought to bring a class action on behalf of himself and other VCBC detainees, including Plaintiff. The plaintiffs sued the Commissioner of the New York City Department of Correction, Cynthia Brann; "Health Director Commissioner" Patsy Yang; and Board of Correction Executive Director Margaret Egan.

In the original complaint, the plaintiffs alleged that they have been forced into unsafe living conditions, including by being housed in units without appropriate capacity limitations to allow for social distancing. (Doc. No. 2 at 5.) Plaintiff alleges that inmates are less than 3-4 inches apart in sleeping areas and that 50 inmates share toilets, sinks, and showers. (*Id.*) Plaintiff alleges that certain other detainees have contracted or been exposed to COVID-19 as a result of these conditions. (*Id.* at 6.) Plaintiff seeks an improvement of conditions, including a reduction in housing capacity and monetary damages, as well as the release of detainees who meet certain criteria. (*Id.* at 6–7.)

On November 24, 2020, Plaintiff Lee filed an amended complaint, which Plaintiff also signed. (Doc. No. 7.) The amended complaint provides fewer details than the original complaint, and does not specify how Defendants specifically violated any of Plaintiff's constitutional rights.

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

If Plaintiff was a pretrial detainee at the time of the events giving rise to his claims, the claims arise under the Due Process Clause of the Fourteenth Amendment. If he was a convicted

prisoner, his claims arise under the Cruel and Unusual Punishments Clause of the Eighth

Amendment. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29

(2d Cir. 2017). Whether Plaintiff was a pretrial detainee or convicted prisoner, he must satisfy

two elements to state such a claim: (1) an "objective" element, which requires a showing that the

challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a

showing that the officer acted with at least deliberate indifference to the challenged conditions.

*Darnell*, 849 F.3d at 29.

The objective element of a deliberate indifference claim is the same for pretrial detainees

and convicted prisoners – "the inmate must show that the conditions, either alone or in

combination, pose an unreasonable risk of serious damage to his health" or safety, which

"includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing

*Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d

974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison

official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the

Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate

of his basic human needs such as food, clothing, medical care, and safe and sanitary living

conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

The second element – the "subjective" or "mental" element – varies depending on

whether a plaintiff is a pretrial detainee or convicted prisoner. A convicted prisoner must allege

that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or

safety; the official must both [have been] aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the

inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). A pretrial detainee must

allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.  The mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Because the amended complaint does not contain sufficient facts to state a claim, the Court directs Plaintiff to file a second amended complaint.  Plaintiff's second amended pleading should allege whether Plaintiff is a pretrial detainee, which housing unit(s) he is or has been assigned to during the relevant time period, and the specific conditions within those units that he contends violate his constitutional rights.  For example, to the extent Plaintiff asserts that Defendants failed to comply with capacity restrictions or other precautionary measures intended to prevent the spread of COVID-19, he should allege any facts suggesting that such failures resulted in a substantial risk of serious harm to Plaintiff and that Defendants were deliberately indifferent to the risk of serious harm to his safety or health.  If Plaintiff names individuals as defendants, he must allege facts regarding their personal involvement in the alleged violations of his rights.  Further, if Plaintiff is seeking release as a remedy, he must include individualized allegations regarding the basis for such relief.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims.  First, Plaintiff must name as the defendant(s) in the caption[1] and in the statement of claim those individuals who

---

[1] The caption is located on the front page of the complaint.  Each individual defendant must be named in the caption.  Plaintiff may attach additional pages if there is not enough space

were allegedly involved in the deprivation of his federal rights.  If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[2]

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants.  To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

---

to list all of the defendants in the caption.  If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint.  Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[2] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.  Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

relief.  Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above.  Accordingly, it is hereby:

ORDERED that Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 20-CV-9482 (VSB) (SDA). A Second Amended Civil Rights Complaint form is attached to this order.  No summons will issue at this time.

IT IS FURTHER ORDERED that if Plaintiff fails to comply within the time allowed, and cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is respectfully directed to mail a copy of this order to the plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 8, 2021
         New York, New York

_____
Vernon S. Broderick
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**SECOND**
**AMENDED**
**COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes    ☐ No
(check one)

___ Civ. _____ (    )

I.      **Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's        Name_____
                   ID#_____
                   Current Institution_____
                   Address_____
                   _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1    Name _____ Shield #_____
                    Where Currently Employed _____
                    Address _____
                    _____

*Rev. 01/2010*                                    1

Defendant  No. 2       Name  _____ Shield #_____

                       Where Currently Employed _____

                       Address _____

                       _____

Defendant  No. 3       Name  _____ Shield #_____

                       Where Currently Employed _____

                       Address _____

                       _____

<div style="border:1px solid">**Who did what?**</div>

Defendant  No. 4       Name  _____ Shield #_____

                       Where Currently Employed _____

                       Address _____

                       _____

Defendant  No. 5       Name  _____ Shield #_____

                       Where Currently Employed _____

                       Address _____

                       _____

## II.     Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     In what institution did the events giving rise to your claim(s) occur?

       _____
       _____

B.     Where in the institution did the events giving rise to your claim(s) occur?

       _____

C.     What date and approximate time did the events giving rise to your claim(s) occur?

       _____
       _____
       _____

D.     Facts:_____

<div style="border:1px solid">**What happened to you?**</div>

       _____
       _____
       _____

*Rev. 01/2010*                                    2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____
_____
_____

| Who else saw what happened? |

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.   Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____   No _____   Do Not Know _____

C.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____   No _____   Do Not Know _____

If YES, which claim(s)?
_____

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____   No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____   No _____

E.   If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

1.   Which claim(s) in this complaint did you grieve?
_____

2.   What was the result, if any?
_____

3.   What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
_____
_____
_____
_____

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:
_____
_____
_____

_____
_____
_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).  _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.    Previous lawsuits:**

<div style="border:1px solid black">On these claims</div>

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.     If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.     Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____  3.     Docket or Index number _____

_____  4.     Name of Judge assigned to your case_____

5.     Approximate date of filing lawsuit _____

6.     Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.     What was the result of the case?  (For example:   Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="border:1px solid black">On other claims</div>

C.     Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.     If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.     Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.     Court (if federal court, name the district; if state court, name the county) _____
_____

_____  3.     Docket or Index number _____

_____  4.     Name of Judge assigned to your case_____

5.     Approximate date of filing lawsuit _____

6.       Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.       What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Inmate Number    _____

Institution Address    _____

_____

_____

_____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____