UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LESTER PEARSON,

                  Plaintiff,

       -against-

DEPARTMENT OF CORRECTIONS, et al.,

                  Defendants.
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/2021

20-CV-9482 (VSB)

ORDER

VERNON S. BRODERICK, United States District Judge:

       I am in receipt of Plaintiff's requests for the appointment of pro bono counsel. (Docs. 39, 45.) I am also in receipt of Plaintiff's request that all deadlines in the Case Management Plan and Scheduling Order be extended by at least two months due to the conditions at Rikers Island. (Doc. 44.)

       In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, in order to qualify for appointment of counsel, Plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). In reviewing a request for appointment of counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not grant appointment of counsel indiscriminately. *Cooper*, 877 F.2d at 172.

      A more fully developed record will be necessary before it can be determined whether Plaintiff's chances of success warrant the appointment of counsel. Accordingly, it is hereby

ORDERED that Plaintiff's application for the appointment of counsel is denied without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated, including after the close of discovery. For more information on proceeding pro se in this District, Plaintiff should visit this webpage: https://nysd.uscourts.gov/prose?clinic= or contact the NYLAG Legal Clinic for Pro Se Litigants at 212-659-6190.

    IT IS FURTHER ORDERED that the parties meet and confer and file a letter by on or before October 21, 2021 informing me whether they would like to extend the deadlines set in the Case Management Plan and Scheduling Order. (Doc. 42.)

    The Clerk's Office is respectfully directed to a mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

Dated: October 7, 2021
      New York, New York

_____
Vernon S. Broderick
United States District Judge